**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MELVIN EUGENE REED**                                                                **PETITIONER**
**ADC #113827**

**VS.**                            **CASE NO.: 5:11CV00318 DPM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.        **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D.P. Marshall Jr.  Mr. Reed – or any party – may file

written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

On September 21, 1998, Petitioner Melvin Eugene Reed entered a guilty plea to aggravated robbery and theft of property in the Circuit Court of Miller County, Arkansas. (#7-1)  After accepting the guilty plea, the Miller County Circuit Court sentenced Mr. Reed, as a habitual offender, to 480 months' incarceration in the Arkansas Department of Correction.

Mr. Reed did not appeal the conviction or sentence; nor did he seek relief through any form of post-conviction motion or petition in any state court.  (#2, p. 3)  Instead, Mr. Reed filed the pending federal habeas corpus petition on December 14, 2011.  (#2)  In his petition, Mr. Reed claims that he was denied equal protection and due process of law. (#2, p. 5)  He also alleges that his sentence violated the prohibition against *ex post facto* punishment.  (#2, p. 7)

The gist of Mr. Reed's claim is that an Arkansas law that requires him to serve 70% of his sentence before being eligible for parole or transfer is being improperly applied to him.  Respondent Hobbs argues that the claims are time-barred, procedurally defaulted, without merit, and not cognizable in a federal habeas proceeding.  (#7)

Because Mr. Reed's petition is time-barred, the Court will not address the other grounds

Director Hobbs advances for dismissing this petition.

## III.  <u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year

limitations period during which a state prisoner may commence a federal habeas corpus

proceeding under 28 U.S.C. § 2254.  The limitation period generally begins to run from

the date a judgment becomes final, that is, at the conclusion of direct review or the

expiration of the time limit for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Reed pleaded guilty to the charges that resulted in his sentence.

(#7-1)  Under Arkansas law, he could not appeal his conviction.  ARK.R.APP.P.- CRIM.

1(a) ("Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of

guilty or nolo contendere.").  As a result, Mr. Reed's sentence became final on September

22, 1998, the day the state circuit court entered the judgment and commitment order.  See

*Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681 (2009) (for purposes of

§2241(d)(1)(A), direct review concludes when the availability of direct appeal is

exhausted).  On that date, the one-year limitations period began to run.

Mr. Reed tacitly acknowledges that his petition is untimely.  He argues, however,

that the grounds for relief "are now ripe."  (#2, p. 13)  It appears that Mr. Reed would be

eligible for transfer immediately if he were not required to serve 70% of his sentence

before he could be considered for a transfer.

In some circumstances, the one-year limitations period does not begin to run until the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  The factual predicate of a claim is determined by the essential facts underlying the claim.  *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3rd Cir.2007)).

Here, Mr. Reed's judgment and commitment order specifically states that he was being sentenced as a habitual offender.  (#7-1)  The law requiring that habitual offenders serve 70% of their sentences before becoming transfer-eligible, Ark. Code Ann. § 16-93-611, took effect before Mr. Reed committed aggravated robbery and theft of property for which he is now serving time.[1]  Through the exercise of due diligence, Mr. Reed could have discovered –  before he pleaded guilty –  that, as a habitual offender, his sentence would fall under the "70% rule."

Mr. Reed filed this federal habeas petition on December 14, 2011– obviously more than one year after September 22, 1998, the date his conviction became final and when he could have discovered the factual predicate to his habeas corpus claims.  (#2)  Thus, Mr. Reed's claims are barred by the one-year statute of limitations, unless the limitations period was tolled.

---

[1] Arkansas Act 570 of 2011 repealed Ark. Code Ann. § 16-93-611.  Ark. Code Ann. § 16-93-618 now contains the "70% rule" that Mr. Reed now complains of.

A.    *Statutory Tolling*

The time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  Mr. Reed, however, did not file an application for state post-conviction or collateral review, so the statutory tolling provision does not help his cause.  His claims are time-barred, unless saved by equitable tolling.

B.    *Equitable Tolling*

The limitations period set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.  *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008).  A petitioner who invokes equitable tolling bears the burden of showing that he diligently pursued his rights, but that some extraordinary circumstance stood in his way.  *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).  Equitable tolling, however, affords an "exceedingly narrow window of relief."  *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

Based on the record here, the Court cannot conclude that Mr. Reed diligently pursued his rights.  There is simply no explanation, beyond his claim that this matter is "now ripe," for his delay in seeking relief.  Accordingly, equitable tolling does not save Mr. Reed's federal petition.

## IV.    <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must either issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254

Cases in the United States District Court.  A certificate of appealability can issue only if a petitioner has made a substantial showing that he was denied a federally protected right. 28 U.S.C. § 2253(c)(1)-(2).

In this case, Mr. Reed has not made a substantial showing that he was denied either due process or equal protection of the law.  Accordingly, the District Court should deny a certificate of appealability.

## V.      Conclusion

Mr. Reed's petition is time-barred.  The Court recommends that Judge Marshall dismiss Mr. Reed's petition for writ of habeas corpus, with prejudice.

DATED this 9th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE